In the Interest of M.E.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-119-CV

IN THE INTEREST OF M.E.H.,

A CHILD

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On September 7, 2001, Appellant Stan Hunt, a 
pro se 
inmate, filed a verified petition to contest the paternity of M.E.H., a child who was then seventeen years old.  In his verified petition, Appellant alleges that M.E.H. was born more than 1,000 days after he and the mother divorced but that the mother fraudulently put his name on the birth certificate.  The only other evidence Appellant submitted that is directly pertinent is a birth certificate naming “Stanley Wendell Hunt” as the biological father.

In a memorandum opinion, the trial court found that Appellant has never been adjudicated the father of M.E.H. and that it appears that there has never been a Suit Affecting the Parent-Child Relationship (SAPCR) relating to M.E.H.  The trial court also found that M.E.H. was almost twenty-one years old at the time of the opinion’s issuance and stated that Appellant has been engaged in “specious and frivolous litigation” since the date he filed his petition.  Based on these findings, the trial court dismissed the case for want of jurisdiction.  Appellant timely appealed.

Appellant argues that the birth certificate gives him both the status of a presumed father under Texas law and standing to disestablish a paternity relationship.  He is wrong on both counts.  Being named on a birth certificate, without more, does not clothe a man with a presumption of paternity.
(footnote: 2)  Further, Appellant did not have standing to file a suit affecting the parent-child relationship at the time he filed his petition because he did not fall into any of the thirteen categories enumerated in the statute providing such standing.
(footnote: 3)  Finally, because Appellant is not a man whose paternity is to be adjudicated, but, from his own admissions in the verified petition, a man who seeks the adjudication of nonpaternity, Appellant also is excluded from the list of persons capable of maintaining a suit to adjudicate parentage.
(footnote: 4)  Consequently, we hold that Appellant did not have standing to file and maintain this action.  The trial court therefore properly dismissed the case for want of jurisdiction.  We overrule Appellant’s first point.  Because our resolution of this point is dispositive, we do not reach Appellant’s remaining points.
(footnote: 5)

Having held that the trial court properly dismissed this case for want of jurisdiction, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  April 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 Act of May 22, 2001, 77th Leg., R.S., ch. 821, § 1.01, sec. 160.204, 2001 Tex. Gen. Laws 1610, 1612-13 (providing in relevant part that a man is a presumed father if (1) he is married to the mother and the child is born during the marriage or before the 
301st
 day after the marriage is terminated or (2) he married the mother after the birth of the child 
and
 is voluntarily named on the child’s birth certificate) (emphasis added) (amended 2003) (current version at 
Tex. Fam. Code Ann.
 § 160.204 (Vernon Supp. 2005)).

3:
See id.
, § 2.07, sec. 102.003(a), 2001 Tex. Gen. Laws 1610, 1636-37 (providing laundry list of people and entities who can file an original suit affecting the parent-child relationship) (amended 2003) (current version at 
Tex. Fam. Code Ann.
 § 102.003(a) (Vernon Supp. 2005)).

4:
See
 
id.
, § 1.01, sec. 160.602, 2001 Tex. Gen. Laws 1610, 1621 (providing in relevant part that a proceeding to adjudicate parentage may be maintained by a man whose paternity is to be adjudicated and that a proceeding to adjudicate the parentage of the adult child may only be maintained by the adult child) (amended 2003) (current version at 
Tex. Fam. Code Ann.
 § 160.204 (Vernon Supp. 2005)); 
see also In re Sullivan
, 157 S.W.3d 911, 919 (Tex. App.—Houston [14
th
 Dist.] 2005, orig. proceeding) (“[A]t a minimum, section 160.602(3) confers standing on a man alleging himself to be the biological father of the child in question and seeking an adjudication that he is the father of that child.”).

5:
See
 
Tex. R. App. P.
 47.1.